22537. PILGRIMS HOME LODGE NO. 105 v. WILKINSON.

104

*P. M. Anderson,* for plaintiff.

*S. T. Brewton, R. M. Girardeau,* for defendant.

Sutton, J. This was a suit on a note against Maggie Bailey and E. M. Cobb, as principals, and A. Wilkinson and A. W. Costin, as sureties. The defendant Wilkinson filed a plea of non est factum. The only evidence on the trial of the case to support this plea was that of the defendant Wilkinson, to wit: "If I signed the note sued on, I do not remember it; I have no recollection of doing so; nor of authorizing anyone else to do so for me. I don't remember anything that happened that afternoon after A. Costin and I went into the back of his place of business where he had some shine in the stove and gave me as much to drink as I wanted; that is the last thing I remember; I have no recollection of indorsing the note sued on by making my mark; I can not read or write. I did not indorse the note; as to why I know I did not indorse it when at the same time I do not remember anything that happened on that afternoon, I know I didn't sign it; they had been after me to indorse it and I had refused; I had refused to indorse for both of them before. I don't remember a single thing that happened after Costin and I went into the back of his place and I drank the shine. I don't remember what I did, but I know that I did not indorse the note. I was so drunk I did not know anything." Charley Bailey and Maggie Bailey both testified that they saw Wilkinson sign the note by marking his mark. Thomas Rogers, whose name appeared on the back of the note as a witness, testified: "I recall witnessing the note sued on. I was running a filling station next door to A. Costin's place, and Costin and A. Wilkinson came to my place and bought some coca-cola and drank it, and Costin asked me to step down to his place and sign a paper, and he and the defendant and I walked down to Costin's place and walked in and I saw it was a note, I told them I did not want to sign it; that it would do no good, as I had no property, and Costin told me they only wanted me to witness the mark of A. Wilkinson, so I wrote my name as it is on the note; when I wrote my name nothing was

on the back of the note, but all of us were there together in Costin's place of business while the note was being signed on the back. I am not certain that I actually saw Wilkinson make his mark, but he, Costin, Charley Bailey, and others were there when they were talking about the note, and I signed it and left." Even construing the evidence of Wilkinson most favorably to him, it only shows that he did not know whether he signed the note or not. It follows that the evidence did not support the verdict in favor of the defendant on his plea of non est factum, and the court erred in overruling the motion for a new trial filed by the plaintiff.

The defendant Wilkinson filed an amendment to his plea to the effect that on the afternoon the note was alleged to have been signed, one of the indorsers, A. W. Costin, gave him some whisky and got him drunk, but this defense was abandoned, a statement to this effect being made in the brief filed by his counsel in this court.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*